No. 23-35423
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HUI XU,

*Plaintiff-Appellant*,

v.

LIGHTSMYTH TECHNOLOGIES, INC., *a Delaware Corporation*, and
FINISAR, *a Delaware Corporation*,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Oregon
No. 6:20-cv-01201-MC
Hon. Michael McShane

## APPELLANT'S REPLY BRIEF

Kevin T. Lafky, OSB #852633
James P. Francis, OSB #223268
LAFKY & LAFKY
429 Court Street NE
Salem, Oregon 97301
Ph: 503.585.2450
Email: klafky@lafky.com
Email: jfrancis@lafky.com
*Attorneys for Plaintiff-Appellant Hui Xu*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

JURISDICTIONAL STATEMENT ....................................................................... 1

REPLY TO ISSUES PRESENTED ........................................................................ 1

REPLY TO STATEMENT OF THE CASE ........................................................... 2

    I.    Facutal Background ................................................................................ 2

SUMMARY OF THE REPLY ARGUMENT ........................................................ 2

REPLY TO ARGUMENT ....................................................................................... 3

    I.    Reply to Section I .................................................................................... 3

        A.    Reply to Subsection A ................................................................... 3

        B.    Reply to Subsection B ................................................................... 3

        C.    Reply to Subsection C ................................................................... 4

        D.    Reply to Subsection D . .................................................................. 7

        E.    Reply to Subsection E . .................................................................. 9

    II.    Reply to Section II ................................................................................. 10

CONCLUSION ...................................................................................................... 11

STATEMENT OF RELATED CASES ................................................................. 12

CERTIFICATE OF COMPLIANCE ..................................................................... 13

CERTIFICATE OF SERVICE .............................................................................. 14

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Bahri v. Home Depot USA, Inc.*,
    242 F. Supp. 2d 922 (D. Or. 2002) ................................................................. 8

*Crady v. Liberty Nat. Bank and Trust Co. of Indiana*
    993 F.2d 132 (7th Cir. 1993) ........................................................................... 5

*Deleon v. Kalamazoo County Road Com'n*
    739 F.3d 914 (6th Cir. 2014) ........................................................................... 5

*Grimes v. West Group Co.*
    26 Fed.Appx. 641 (9th Cir. 2001) ................................................................... 9

*Guz v. Bechtel Nat'l, Inc.*
    100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000) ....................................................... 9

*Kortan v. Cal. Youth Auth.*,
    217 F.3d 1104, (9th Cir. 2000) ........................................................................ 7

*Manatt v. Bank of Am.,.,*
    339 F.3d 792 (9th Cir. 2003) ........................................................................... 7

*Mercer v. Cook Cty., Ill.,,*
    527 Fed App'x 515 (7th Cir. 2013) ................................................................. 8

*McGanty v. Staudenraus,*
    321 Or. 532, 901 P.2d 841 (1995) ................................................................... 9

*Sanchez v. City of Santa Ana,*
    936 F.2d 1027 (9th Cir. 1990) ......................................................................... 8

*Turner v. Anheuser–Busch, Inc.*,

    7 Cal.4th 1238, 876 P.2d 1022 (1994)............................................................9

*White v. Burlington N. & Santa Fe Ry. Co.*,

    364 F.3d 789, 795 (6th Cir.2004) ..................................................................5

*Zegarra v. D'Nieto Uniforms, Inc,.*,

    623 F.Supp.2d 212, (D.P.R. 2009) ................................................................6

**Rules**

    FRAP 26 ........................................................................................................ 10

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this matter for the reasons stated in Plaintiff-Appellant's ("Dosier") Opening Brief.

## REPLY TO STATEMENT OF ISSUES PRESENTED

1. Did the district court err in granting Defendant's Motion for Summary Judgment when it found that the majority of Plaintiff's claims were time barred?

2. Did the district court err in granting defendant's motion for summary judgment on Plaintiff's Disparate Treatment Claims (1, 2, 3, and 4), when it found that no reasonable juror could find that Plaintiff suffered an adverse employment action?

3. Did the district court err in granting defendant's motion for summary judgment on Plaintiff's hostile work environment claims 1 & 6 when it found that Plaintiff had not suffered from a hostile work environment?

4. Did the district court err in Granting Defendant's Motion for Summary Judgment on Plaintiff's Wrongful Discharge Claims.

5. Did the district court err in granting summary judgment on Plaintiff's disability claims 3 & 7 by finding that Plaintiff was not disabled, defendants had accommodated Plaintiff's requests, and Plaintiff had not suffered an adverse employment action?

6. Did the district court err in granting defendants Motion for Imposition of Sanctions due to Plaintiff's alleged bad faith during discovery?

## STATEMENT OF THE CASE

### I. Factual Background

Hui Xu relies on the Statement of Facts set forth in her Opening Brief and replies to Employer's Statement of Facts to supplement and correct the information contained therein.

## SUMMARY OF THE ARGUMENT

Hui Xu's summary of her overall argument is set forth in the Opening Brief. To summarize her reply, Plaintiff argues that (1) not all of her claims are entirely time barred, (2) Contrary to Appellee's argument, Plaintiff's testimony clearly shows she is disabled, (3) Plaintiff's Demotion, negative performance review, offer of severance, and constructive discharge all qualify as adverse employment actions, (4) the cases cited by Appellees do not support the premise that Plaintiff's Hostile Work Environment claim must fail, (5) Plaintiff's wrongful discharge claim is viable regardless of whether her discharge was constructive or an actual termination, and (6) Plaintiff acted in good faith and the Court erred in awarding attorney fees.

# REPLY ARGUMENT

Hui Xu replies to the arguments and issues raised in the Appellee's opening brief. For ease of navigation, this reply references the different subsections presented in the Answering Brief.

**I.	Reply to Section I subsection A:**

Plaintiff relies on the arguments and authorities presented in her opening brief.

**II.	Reply to Section I subsection B:**

Other than the limited reply offered below Appellant relies on the arguments and authorities presented in her opening brief.

Appellees cast Plaintiff's testimony as somehow dispositive of Plaintiff's claim of disability. However, their argument fails for two primary reasons. First, the testimony offered by Plaintiff ("Q: How did your allegedly disabling condition affect your daily life during your employment at Finisar and/or Lightsmyth? A: It did not impact in any way on my daily life" 2-SER-125) clearly calls for a legal conclusion as what qualifies as a disability under the ADA has a very specific definition and test. Second, Appellees completely ignore Plaintiff's other testimony during her deposition. Namely: "A. I would need a magnifying glass; for example, looking at the dictionary." ER-174. Thus, Plaintiff is clearly not trying to replace testimony with argument from counsel.

### III. Reply to Section I subsection C:

Regarding subsection (C)(1), Plaintiff adopts the arguments as presented in the already filed Amicus brief.

Regarding subsection (C)(2), other than the limited reply offered below Plaintiff relies on the arguments and authorities presented in her opening brief.

Regarding Plaintiff's demotion, Appellees argue that "nothing whatsoever happened within the limitations period." However, this is spurious at best. The demotion became permanent during the limitations period. Appellees attempt to analogize numerous cases but does so unconvincingly. Every case cited by Appellees deal with an employee being notified of their future termination and then trying to use the date of the actual termination -- as opposed to the date of the notice -- to calculate the limitations window. This is easily distinguishable from the case at bar because plaintiff was not being notified that she would be terminated at a future date. Instead, Plaintiff had a temporary demotion made permanent. Further, Appellee's argument that calling an accommodation a demotion cuts both ways. Calling a demotion an accommodation does not make it so. Especially when that demotion comes with a significant change in job title.

Regarding Plaintiff's change in job title. Again, Appellees wish to frame this issue as simply a job restructuring. However, a job restructuring does not carry with it the need to change the title of the position to something significantly lower

4

in prestige. Supply Chain *Manager* to Manufacturing *Technician*. Appellee attempts to analogize the *Noonan* case but that dealt with a change in title from Graphic Designer to *Senior* Photographer. That is clearly not the case here. Additionally, Appellees make no effort to distinguish those cases cited by Plaintiff which clearly show that a change in title alone can qualify as an adverse employment action. Specifically:

> *Crady v. Liberty Nat. Bank and Trust Co. of Indiana* 993 F.2d 132 (7th Cir. 1993): "materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, *a less distinguished title*, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation."

> *Deleon v. Kalamazoo County Road Com'n,* 739 F.3d 914 (6th Cir. 2014): The Commission, and indeed the district court, relied on the proposition that "[r]eassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions." *Kocsis,* 97 F.3d at 885. Nevertheless, a reassignment without salary or work hour changes, however, may be an adverse employment action if it constitutes a demotion evidenced by a "*less distinguished title*, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *White v. Burlington N. & Santa Fe Ry. Co.,* 364 F.3d 789, 795 (6th Cir.2004), *aff'd sub nom. Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (emphasis added).

It is clear, especially when combined with the evidence put forth in Plaintiff's opening brief, that a reassignment with a new and less distinguished title qualifies as an adverse employment action.

5

Regarding Plaintiff's change from exempt to non-exempt status. One of the material conditions of being a salaried employee is not having the typical "clock in, clock out" management of an hourly employment. This description was adopted by the District of Puerto Rico in *Zegarra v. D'Nieto Uniforms, Inc*: "Accordingly, exempt employees tend to have more flexibility in their schedules to come and go as necessary to accomplish work than do non-exempt or hourly employees." 623 F.Supp.2d 212, n. 14 (D.P.R. 2009). This made Plaintiff's breaks considerably more difficult to manage. Needing flexibility with her breaks, something specifically requested in the Doctor notes provided to Defendant, was a material term and/or condition of her employment. ER-82 and ER-91.

Regarding plaintiff's 2018 performance review, Appellees attempt to argue that the review was "objectively and comparatively" nothing changed regarding Plaintiff's performance review. This specifically ignores the fact that the reviews in question give numeric scores related to performance. An increasing score signifies decreased performance. Thus, it is plainly false to argue that "objectively nothing changed." Additionally, Plaintiff adopts the arguments presented by Amici regarding the District Court's conflation of the standards for discrimination and retaliation: "For example, the court relied on a Title VII disparate-treatment case to conclude that Xu's performance review "does not amount to an adverse

6

employment action" for her retaliation claim, ER-21 (quoting Hess, 216 F. Supp. 2d at 1154)." Amicus 15.

Lastly, Appellee's arguments regarding causation are flawed, at best. Appellees consistently make the argument that Plaintiff fails to make her causation showing using the temporal proximity test. However, Appellee's arguments fail to address the cases cited by Plaintiff that indicate that timing *alone* is sufficient to raise an issue of fact on causation. Specifically: "absent direct evidence of retaliatory intent, causation may be inferred *solely* from timing when the "adverse employment action follows on the heels of protected activity." *Villiarimo*, 281 F.3d at 1065 (emphasis added).

## IV. Reply to Section I subsection D:

Appellees again attempt to analogize this case to others but fails to do so convincingly. Appellee cites to Five cases:

*Manatt v. Bank of Am.,* 339 F.3d 792, 798 (9th Cir. 2003): This case is easily distinguishable because it deals with comments made by co-workers to the victim rather than a supervisor or manager with the company. Additionally, very little of the harassing conduct in *Manatt* was directed at the victim. This is directly opposed to the case at hand.

*Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1111 (9th Cir. 2000): dealt with comments "mainly made in a flurry on February 3rd." *Id.* 217 F.3d 1104, at 1110

(9th Cir. 2000). Additionally, none of the derogatory comments or actions were directed towards the Plaintiff in *Kortan* who even described the alleged harasser as a "perfect gentleman." *Id*. This differs greatly from the case at hand where Plaintiff was the subject of the harassing conduct rather than simply a witness.

*Bahri v. Home Depot USA, Inc*., 242 F. Supp. 2d 922, 950-51 (D. Or. 2002): This case dealt with an individual called "missy," "girl" and other unwelcome comments including about her appearance. However, the evidence showed that the comments about her appearance were in the context of a potential dress code violation. Additionally, any off color remarks were only made "in passing." This differs from the case at hand because Plaintiff was the direct recipient of racist comments about her voice and tone. Further, Plaintiff in the present case heard the far more derogatory comment of "bitch" multiple times from her lead worker. ER-.

*Mercer v. Cook Cty., Ill*., 527 Fed App'x 515, 521 (7th Cir. 2013): Again, this case deals with coworkers and not managerial or lead staff.

*Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990): a former Santa Ana Police Department Officer who made allegations of a racially offensive cartoon, racially offensive slurs, and that management provided Latino employees with unsafe vehicles and inadequate police backup. However, outside of the racist cartoon, Plaintiff in *Sanchez* had not provided corroborating evidence of any of his claims.

8

The fact that these cases are so easily distinguished show the underlying flaws in Appellee's case.

## V. Reply to Section I subsection E:

Appellees contend that Plaintiff is confused whether her separation from employment was a constructive discharge or termination. However, it appears that Appellees are the confused ones here. Plaintiff alleged a constructive discharge in her complaint and continues to argue in favor of that issue. While it is true that the District Court found that the evidence suggests Plaintiff was terminated rather than constructively discharged, it is not material here. Specifically the Ninth Circuit in *Grimes v. West Group Co.*: "If proven, constructive discharge is legally equivalent to a termination, *see Turner v. Anheuser–Busch, Inc.,* 7 Cal.4th 1238, 1248, 32 Cal.Rptr.2d 223, 876 P.2d 1022 (1994), and therefore can constitute an adverse employment decision for purposes of establishing a prima facie case of discrimination." *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 355, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). 26 Fed.Appx. 641 (2001). Lastly, under Oregon law, claims of constructive discharge are sufficient to sustain a wrongful discharge allegation. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841 (1995).

9

## VI. Reply to Section II:

Appellees raise multiple arguments in their answering brief. Plaintiff replies briefly to each argument.

First, as argued more fully in her Opening Brief, Plaintiff's Counsel was entitled to rely on the assertions of the Plaintiff. The advisory notes to FRCP 26 specifically provide that "the attorney may rely on assertions by the client." Again, Counsel attested during motion practice that there was never an indication that Plaintiff was being anything but forthcoming. ER-. Therefore, the circumstances of Counsel's reliance on Plaintiff's representations was reasonable at the time.

Second, the evidence in the record demonstrates that Plaintiff acted in good faith throughout the discovery process. Plaintiff obliged additional discovery and readily availed herself to a forensic examination of her computer. Based on the record, no evidence was presented showing that Plaintiff attempted to delete these emails prior to the forensic examination. Thus, it is clear from the law, the record, and Plaintiff's Opening Brief that Plaintiff was acting in good faith and that the sanctions awarded by the Court were made in error. Third, because the District Court found that Plaintiff acted in bad faith when the evidence clearly points towards good faith, the District Court erred.

///

///

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court reverse the district court's judgment and remand the case for further proceedings.

Date: February 15, 2024.

        LAFKY & LAFKY

        */s Kevin T. Lafky*
        Kevin T. Lafky, OSB #852633
        Attorney for Appellant Hui Xu

## STATEMENT OF RELATED CASES
## PURSUANT TO CIRCUIT RULE 28-2.6

The undersigned attorney states the following:

[X] I am unaware of any related cases, as defined by Fed. R. App. P. 28-2.6, currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

Date: February 15, 2024.

                              LAFKY & LAFKY

                              */s Kevin T. Lafky*
                              Kevin T. Lafky, OSB #852633

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,343 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

Date: February 15, 2024.

LAFKY & LAFKY

*/s Kevin T. Lafky*
Kevin T. Lafky, OSB #852633

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Date: February 15, 2024.

                LAFKY & LAFKY

                */s Kevin T. Lafky*
                Kevin T. Lafky, OSB #852633