No. 23-35423
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HUI XU,

        *Plaintiff-Appellant*,

v.

LIGHTSMYTH TECHNOLOGIES, INC., *a Delaware Corporation*,
and FINISAR, *a Delaware Corporation*,

        *Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Oregon, Eugene Division
Hon. Michael McShane

**DEFENDANTS-APPELLEES' OPPOSITION TO EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

    John A. Berg, OSB No. 120018
    LITTLER MENDELSON P.C.
    1300 SW 5th Ave
    Wells Fargo Tower - Ste 2050
    Portland, OR 97201
    (503) 221-0309
    jberg@littler.com

    *Attorneys for Defendants-Appellees*
    LightSmyth Technologies, Inc. and Finisar

Defendants-Appellees LightSmyth Technologies, Inc. and Finisar ("Appellees") respectfully oppose any further participation of the Equal Employment Opportunity Commission ("EEOC") in this appeal, for the reasons stated below.

## INTRODUCTION

Multiple independent grounds exist to affirm the District Court's order granting summary judgment. The issue about which the EEOC now seeks oral argument—*i.e.*, the standard for actionable discriminatory adverse employment actions (the "Issue")—comprises only a small sliver of this appeal. Yet, that Issue has consumed an inordinate amount of the briefing. Indeed, the EEOC thoroughly presented its opinions on the Issue with not only a 22-page brief under Fed. R. App. 29(a)(2), but also two separate supplemental filings pursuant to the Fed. R. App. 28(j). Now, the EEOC "wishes to elaborate on these views during oral argument" without hinting as to what (if anything) could possibly be left unsaid. Motion, at 2. Under the circumstances, Appellees respectfully oppose the EEOC's request to be heard a fourth time.

## ANALYSIS

While Fed. R. App. 29 permits federal agencies to file written briefs without the Court's permission, the rules grant no such prerogative for oral argument. *Compare* Fed R. App. P. 29(a)(2) ("The United States or its … agency … may file

an amicus brief without … leave of court."), *with* Fed R. App. P. 29(a)(8) ("[A]micus curiae may participate in oral argument *only with the court's permission*") (emphasis added). The privilege of amicus curiae being heard rests within the discretion of the Court.[1] In this case, the Court should deny leave for three reasons.

First, the EEOC offers no intimation as to the "elaborat[ion]" it seeks to provide, nor any explanation of how it possesses unique information or perspective somehow different from that of Plaintiff-Appellant.[2] From the briefing to-date, the EEOC's perspective appears to coincide with Plaintiff-Appellant's[3] – who is

---

[1] *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (recognizing courts have "broad discretion to appoint amici curiae."); *Community Ass'n for Restoration of the Env't v. Deruyter Bros. Dairy, 54 F. Supp.* 2d 974, 975 (E.D. Wash. 1999) (recognizing privilege "rests entirely within the discretion of the Court, which may grant or decline leave as it deems the proffered information timely, useful, or otherwise.").

[2] *See Community Ass'n for Restoration of the Env't*, 54 F. Supp. 2d at 975 (denying participation of amici curiae based on failure to demonstrate "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Washington v. DeVos*, No. 2:20-CV-0182-TOR, 2020 U.S. Dist. LEXIS 103388, 2020 WL 6488184, at *1 (E.D. Wash. June 12, 2020) (denying leave to file amicus brief where "[p]rospective amici's brief offer[ed] no additional legal or other substantive information or perspective that ha[d] not already been represented to the Court . . . or that [was] particularly helpful to [the] Court's pending determination.").

[3] *See* ECF No. 11, at 19-33; ECF No. 32, at 4-7.

represented by a seasoned labor and employment litigator with 39-years of experience, including several appeals before this Court.

Second, even if the EEOC has a unique perspective, it has already taken three opportunities to elaborate its position. *See* ECF Nos. 14, 36, and 39.

Third, even if the EEOC possesses a unique perspective, and withheld arguments from its three filings, the Court need not address the Issue to resolve this appeal and affirm the District Court. The District Court's order granting summary judgment stands on multiple grounds separate from, and unrelated to, the Issue. *See* ER-1-25; ECF No. 40; *see, e.g.*, ER-19 ("But even if restructuring Plaintiff's role was considered adverse, Plaintiff fails to meet the third element: a causal connection between the change in her title and her protected activity."); ECF No. 24, at 36-40, 42, and 44-46 (describing how the District Court, for example, concluded not only that (1) Appellant's job restructuring was insufficiently material (ER-18-19), but also that (2) it constituted a disability accommodation requested by Plaintiff (*Id.*), and (3) lacked a causal connection or nexus to any protected class or activity (*Id.*).)

## CONCLUSION

For the three reasons above, Defendants-Appellees respectfully request the Court to deny the EEOC's motion for leave to participate in oral argument.

Dated: June 24, 2024						Respectfully submitted,

LITTLER MENDELSON P.C.

*s/ John A. Berg*_____
John A. Berg, OSB No. 120018

*Attorneys for Defendants-Appellees*
LightSmyth Technologies, Inc. and Finisar

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I electronically filed the foregoing document using the appellate CM/ECF system, which will send notification of such filing to:

Kevin T. Lafky
James P. Francis
Lafky & Lafky
429 Court Street NE
Salem, OR 97301
Phone: 503-585-2450
klafky@lafky.com
jfrancis@lafky.com

/s/ John A. Berg
John A. Berg, OSB No. 120018
LITTLER MENDELSON P.C.
1300 SW 5th Ave
Wells Fargo Tower - Ste 2050
Portland, OR 97201
(503) 221-0309
jberg@littler.com

*Attorneys for Defendants-Appellees*
LightSmyth Technologies, Inc. and Finisar