

**Littler Mendelson, P.C.**
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, OR 97201

Christine E. Sargent
503.889.8915 direct
503.221.0309 main
503.242.2457 fax
csargent@littler.com

August 12, 2024

**FILED VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

RE: *Xu v. Lightsmyth Technologies, Inc. and Finisar*, No. 23-35423
FRAP 28(j) Citation of Supplemental Authorities

Dear Ms. Dwyer:

Since the EEOC's two Citations of Supplemental Authority, District and Circuit Courts construing and applying *Muldrow* continue to grant and affirm summary judgment in the absence of sufficient adversity. These courts give meaning and effect to the Supreme Court's requirement that the employer must still cause the employee "some harm" or leave them "worse off." *See, e.g., Smith v. McDonough*, Civ. No. 20-1321 KK/JFR, 2024 WL 2804428 (D.N.M. May 31, 2024) (neither: (1) "being criticized, demeaned, and humiliated;" (2) receiving counseling; (3) being excluded from meetings and an email chain; nor (4) being denied funding to attend a training constituted actionable adverse actions as these incidents were "so mild and isolated, a reasonable juror could not conclude it altered the conditions of plaintiff's employment"); *Rios v. Centerra Group, LLC*, 106 F.4th 101 (1st Cir. June 28, 2024) (alleged adverse actions of supervisors telling plaintiff not to eat at his post and not to park his car or change his clothes in certain spots, and failing to provide him with pointers at an off-duty shooting range practice session did not cause him "some harm" or leave him "worse off"); *Williams v. Memphis Light, Gas & Water,* No. 23-5616, 2024 WL 3427171 (6th Cir. July 16, 2024) (asking plaintiff to work away from the office, excluding plaintiff from meetings, prohibiting plaintiff from driving company vehicles, and taking away office supply cabinet keys, did not affect "identifiable" conditions of her work and so she was not "worse off"); *Qashu v. Blinken*, Case No. 1:22-cv-01077 (TNM), 2024 WL 3521592 (D.D.C. July 24, 2024) (change in duties that plaintiff characterized as a "demotion" was "not actionable" because it was "not a term or condition of her employment"); *Perry v. NJ Dep't of Corrections,* No. 23-2207, 2024 WL 3384920 (3d Cir. July 12, 2024) (alleged adverse actions did not alter plaintiff's "term[s] or condition[s] of employment").

///

littler.com

Molly C. Dwyer
August 12, 2024
Page 2

For these reasons, this Court should affirm the District Court's decision notwithstanding *Muldrow*.

Sincerely,

*/s/ Christine E. Sargent*

Christine E. Sargent
Attorney at Law

cc: Counsel of Record (via CM/ECF)

littler.com