Elton T. Lafky
(1930-2015)

Kevin T. Lafky
Dori M. Brattain
Erin C. Mee

# LAFKY & LAFKY

Attorneys at Law
429 Court St. NE
Salem, OR 97301
Telephone: (503)585-2450
Facsimile: (503)585-0205
Email: info@lafky.com
www.lafky.com

August 23, 2024

**FILED VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

      RE:    Xu v Lightsmith Technologies, Inc.
                 9th Circ Case No. 23-35423

Dear Ms. Dwyer,

      I am writing in regard to this case that was argued in Portland last Tuesday, August 20. The panel asked at argument for authorities related to whether loss of prestige could satisfy *Muldrow's* "some harm" standard. Please accept this letter as additional authority addressing the question. *Muldrow* itself suggests that loss of prestige is a cognizable harm. In explaining why "Muldrow's allegations, if properly preserved and supported, meet that ["some-harm"] test with room to spare," the Supreme Court noted that Muldrow "was moved from a plainclothes job in a prestigious specialized division giving her substantial responsibility over priority investigations and frequent opportunity to work with police commanders" to a job where "she was less involved in high-visibility matters and primarily performed administrative work." *Muldrow v. City of St. Louis*, 601 U.S. 346, 359 (2024). The Court said that these impacts, among other effects of the transfer, left her "worse off several times over," even though "her rank and pay remained the same." Id.; see also id. at 365 (Kavanaugh, J., concurring in judgment) (concluding that the "some harm" standard could include effects on "prestige, status, career prospects, [or] interest level"); *Milczak v. Gen. Motors, LLC*, 102 F.4th 772, 787 (6th Cir. 2024) (fact that position to which plaintiff was transferred, inter alia, "fail[ed] to utilize [plaintiff's] skills" "created at least 'some harm'" under Muldrow; plaintiff did not have to show effect on "pay and rank").

As stated in oral argument, Plaintiff's declaration makes this a question of fact for a jury.

Thank you for your attention.

        Sincerely,

        LAFKY & LAFKY

        *s/Kevin T. Lafky*

        Kevin T. Lafky

cc: counsel of record (via CM/ECF)